## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Reuben D. Walker, individually and on behalf of a class of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Branden Martin, Treasurer of Peoria County, Illinois, in his official capacity, and as representative of a class of all County Treasurers of the State of Illinois in their official capacity, Michael W. Frerichs, Treasurer of the State of Illinois in his official capacity, and Tim Brophy, Treasurer of Will County, Illinois and Maria Pappas, Treasurer of Cook County Illinois, in their official capacity | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### CLASS ACTION COMPLAINT

Plaintiff Reuben D. Walker, individually and on behalf of the Class defined below, for Class Action Complaint ("Complaint") against Defendants Branden Martin, Peoria County Treasurer in his official capacity and as representative of all County Treasurers of the State of Illinois in their official capacity, Michael W. Frerichs, Treasurer of the State of Illinois in his official capacity, Tim Brophy County Treasurer of Will County, Illinois and Maria Pappas, County Treasurer of Cook County Illinois, in their official capacity, and states as follows:

### INTRODUCTION

The history of Plaintiffs' claims began in 2012 challenging the constitutionality of Illinois legislation which imposed a non-court-related "add-on" court filing fee on all mortgage foreclosure filings within the State of Illinois. In 2020 the circuit court found this litigation tax to be facially unconstitutional, and in 2021 the Illinois Supreme Court affirmed the ruling and held the legislation to be facially unconstitutional in derogation of the Free Access Clause and void for

all purposes. Therefore, because the State unlawfully had the Plaintiffs' property (money) without the right to possess it, the constitutionally mandated remedy was for the State to return the Plaintiffs' property.

But the State of Illinois did not give Plaintiffs their property back. Instead, after a decade of litigation, the State for the first time claimed a state immunity statute trumped the protections afforded by the federal and state constitutions. In January of 2025, the Illinois Supreme Court agreed that this state statute was superior to the Constitution of the United States and held that the Illinois Legislature's adoption of a lawsuit immunity statute barred the Illinois court system from ordering the constitutional remedy of restitution of fees to the class members. That ruling left the State of Illinois in possession of more than $100 million dollars of what it had admitted was funds illegally collected.

Plaintiffs bring this action to seek redress for the unconstitutional taking by the State of Illinois as well as its unprecedented and patently improper rejection of the rights of the citizens of Illinois as protected under the Constitution of the United States of America.

## BACKGROUND AND RELIEF SOUGHT

1. After more than a decade, and while these Plaintiffs litigated the constitutionality of certain legislation the under which the State of Illinois continued to charge Plaintiffs a total of $102 million in court filing fees under legislation that the Illinois Supreme Court ultimately found was facially unconstitutional and void for all purposes, the State of Illinois finally conceded the correctness of the ruling by the Illinois Supreme Court that the legislation was facially unconstitutional as a derogation of the Free Access Clause.

2. Given that the subject legislation was void for all purposes, the State had and has no right to retain Plaintiffs' property, the fees collected under the unlawful legislation.

3. The State, however, refused to return the fees to the Plaintiffs and continues to retain them as of the date of the filing of the instant Complaint. In 2025, based upon a State Lawsuit Immunity statute adopted by the Illinois Legislature, the State persuaded the Illinois Supreme Court that the Illinois courts were powerless to complete the required constitutional remedy of a return of the unlawful fees. Therefore, the Plaintiffs lack a state court remedy.

4. In place of the judiciary ensuring that Plaintiffs' constitutional rights were protected, the Illinois Supreme Court held that the immunity statute left Plaintiffs with no means to recover the fees unlawfully taken from in the courts and their only recourse to obtain the refund was to petition the Illinois Court of Claims.

5. The Illinois Court of Claims, however, is not part of the Illinois judicial branch. It is an agency of the Illinois legislature which enacted the facially unconstitutional legislation in the first place. Its decisions are not subject to review or reversal on their merits by the Illinois courts. Thus, by the Illinois Supreme Court announcing in its 2025 decision that the immunity statute barred the courts from compelling the State to return funds unlawfully collected, the Court of Claims now has the unfettered authority to refuse to refund the fees and thereby permit the State of Illinois to retain the full benefit of its unconstitutional collection.

6. Plaintiffs come to this Court asking it to declare that the State of Illinois' unlawful possession of Plaintiffs' property constitutes an on-going federally unconstitutional taking without just compensation in violation of the Takings Clause of the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiffs thereafter ask this Court for prospective relief by issuing an order directing Michael Frerichs, in his official capacity as the Treasurer of the State of Illinois, to stop the on-going violation of federal law by the unconstitutional retention of their property, and, on a date selected by this Court, to return to Plaintiffs their unlawfully held property along

with all interest earned upon said property from the date of the initial collection through and including a date to be determined by the Court for this violation of the Fifth and Fourteenth Amendments of the United States Constitution as described above pursuant to the Declaratory Judgment and Injunction Acts (28 USC 2201 and 28 USC 1342 et al).

7. In addition, pursuant to the unconstitutional legislation, 2% of those collected fees were retained by the circuit court clerks of each of the 102 counties located within the state of Illinois. See, 735 ILCS 5/15-1504.1, 20 ILCS 3805/7.30, and 20 ILCS 3805/7.31. Under this legislation and under Illinois law, the 2% was to be retained within each individual county as compensation for the expenses related to the collection of these fees and to reimburse the individual counties who are charged under Illinois law with providing the compensation required to maintain the offices of the circuit court clerks within each county. As such, this 2% of the overall collection were never even arguably State funds. The 2% was not to be transferred to the possession of the State of Illinois, but maintained in separate funds within each of the individual Illinois counties. Those funds were and are to be retained in the possession of and in the control of the county treasurer of each county, a local rather than state official. to the present date, none of these funds have been returned to Plaintiffs.

8. Plaintiffs ask this Court to grant relief to them against each of these county treasurers pursuant to 42 U.S.C. §1983 and order the return of all fees unlawfully retained as well as damages, costs and appropriate fees including attorneys' fees assessed on these unlawful collections.

9. In addition to the unconstitutional takings described above, during the underlying litigation, on September 17, 2021, the circuit court judge presiding over the litigation ordered that the filing fees collected under the unconstitutional legislation be held and not transferred to the

Illinois State Treasurer. Plaintiffs and the circuit court were informed by counsel for Cook County and Will County that these two Illinois counties had held certain fees under the offending statutes which had not been transferred to the Illinois Treasurer. Under the order of September 17, 2021, the Court informed these counties that these fees were to be kept in separate segregated accounts pending further order of court.

10. Those funds, which were to be retained by the Treasurers of Cook and Will Counties, have never been returned to Plaintiffs. Accordingly, Plaintiffs ask this Court to grant relief to them against Tim Brophy Treasurer of Will County, Illinois and Maria Pappas, Treasurer of Cook County, Illinois pursuant to 42 U.S.C. §1983, and require the return of all fees unlawfully retained as well as damages, costs and appropriate fees including attorneys' fees assessed on these unconstitutional collections.

## UNIQUE CIRCUMSTANCES OF THIS CASE

11. This action is a unique case. It is brought in part under the Fifth and Fourteenth Amendments of the United States Constitution seeking prospective declaratory, and injunctive relief against a state official in his official capacity as the Treasurer of the State of Illinois. It also seeks relief against a number of local officials who are not considered state officials for all relief permitted, whether or not specifically demanded, pursuant to Fed. R. Civ. P. 54 (c). It is also brought in part under 42 U.S.C. §1983. This lawsuit challenges the actions of the Defendants in their official capacity harming Plaintiffs in derogation of the Fifth and Fourteenth Amendments to the United States Constitution by insisting that Defendants were permitted by he State Lawsuit Immunity Act 745 ILCS 5/1 (West 2020).

12. Defendants maintain that said statute obviated their compliance with the protections granted Plaintiffs under the United States Constitution. Accordingly, Defendants stand in violation

of the Takings Clause of the Fifth and Fourteenth Amendments and in a clear and unprecedented defiance of the Supremacy Clause of the U.S. Constitution, Article VI, Par. 2.

13.     The provisions of the State Lawsuit Immunity Act have been utilized as the ostensible authority by which these Defendants continue to retain for public use private property belonging to Plaintiffs and others similarly situated without just compensation and while retaining the including earnings or interest on such property. Such conduct in the retention of this private property without just compensation under the ostensible application of an Illinois statute is unlawful as in derogation of the Takings Clause in the Fifth and Fourteenth Amendments to the United States Constitution and by the Supremacy Clause of United States Constitution (Article VI, Par. 2).

14.     Defendants' conduct in retaining Plaintiffs' property without just compensation on the basis of erroneous rulings of the Illinois state courts was further unlawful as they were aware such conduct was prohibited by binding and explicit authority to the contrary as announced by the Supreme Court of the United States of America, authority which pursuant to the Supremacy Clause of United States Constitution is controlling over any interpretation of state law by a state court.

15.     As a result of this conduct and because of their failure to abide by the United States Constitution, Defendants should be ordered by this Court to: (a) return the property taken from Plaintiffs previously taken without just compensation (b) including such reimbursement of all earnings or interest — which are the property of Plaintiffs and to which Plaintiffs are entitled under *Goldberg v. Frerichs*, 913 F. 3d 1009, 1010-11 (7th Cir. 2019) ("'a state may not take custody of property and retain income the property earns.'") (internal citations omitted); (c) order such other relief that this Court deems just and appropriate.

16.     Plaintiffs additionally seek as stated below a declaration by this Court that the Illinois State Lawsuit Immunity Act, to the extent it has been applied or interpreted as lawfully permitting confiscation by the State of Illinois through the retention of private property taken without just compensation to its owners including interest and other earnings on said property violates the Fifth and Fourteenth Amendments of the United States Constitution. As such, these Defendants or amy other officials in the State of Illinois are prohibited from using, or claiming to be permitted to use, the Illinois State Immunity Act to retain private property without just compensation to its owners including payment of interest and other earnings on said property.

17.     Plaintiffs also seek from all Defendants other than the State Treasurer pursuant to a 42 U.S.C. § 1983 the return of all fees unlawfully retained as well as damages, costs, and appropriate fees including attorneys' fees assessed on these unlawful collections.

## PARTIES

18.     Plaintiff Reuben D. Walker is a citizen, resident, and domiciliary of the State of Texas. Plaintiff is an owner of property, as defined under the laws of the United States and the State of Illinois and this property is in the custody of the Defendants. The subject private property of Walker and all plaintiffs at issue in this action is the Plaintiffs' own money which was taken from the Plaintiffs through facially unconstitutional Illinois legislation.  This legislation includes 735 ILCS 5/15-1504.1, 20 ILCS 3805/7.30, 20 ILCS 3805/7.31 and all iterations of these three offending statutes between 2010 and 2021.

19.     Defendant Frerichs is the Treasurer of the State of Illinois. He is being sued in the instant Complaint in his official capacity under the law of the State of Illinois as the custodian of certain private property of Plaintiffs and the public official vested with the control and disposition of such property.

20. Branden Martin is the Treasurer of Peoria County, Illinois and at all times relevant to this cause and in his official capacity under the law of the State of Illinois the custodian of certain private property of Plaintiffs and the public official vested with the control of the disposition of such property. Under the legislation through which Plaintiffs' property was taken, 2% of the collection was to be retained by each of the 102 clerks of the circuit courts of Illinois. Pursuant to Illinois law, that collection was to be transferred to the custody of the Treasurer of the respective counties and retained as the funds of said local government entity.

21. Tim Brophy is the Treasurer of Will County, Illinois and at all times relevant to this cause and in his official capacity under the law of the State of Illinois, the custodian of certain private property of Plaintiffs and the public official vested with the control and disposition of such property. Said property was to be retained by Will County pursuant to an earlier order entered by the circuit court on September 17, 2021.

22. Maria Pappas is the Treasurer of Cook County, Illinois and at all times relevant to this cause and in her official capacity under the law of the State of Illinois, the custodian of certain private property of Plaintiffs and the public official vested with the control and disposition of such property. Said property was to be retained by Cook County pursuant to an earlier order entered by the Illinois courts on September 17, 2021.

## JURISDICTION AND VENUE

23. The claims in this Complaint are variously brought pursuant to 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. §1367, as the private property of Plaintiffs was taken without just compensation by Defendants and continues to be retained without just compensation by one or more of Defendants and/or their agents in their official capacity while

within the jurisdiction of this Court. In addition, this Complaint presents a claim for a Declaratory Judgment pursuant to 28 U.S.C. § 2201 *et seq*. and the Injunction Act 28 USC 1342 *et al.*

24.     Venue is proper because Defendant Marten, the putative representative of the class of County Treasurers, resides in and is subject to suit in this district, and because a substantial portion of the events that underlie the Complaint occurred in this district.

## PROCEDURAL HISTORY

25.     As correctly stated in the published opinion of the Illinois Supreme Court in *Walker v. Chasteen*, 2025 IL 130288 (attached to this Complaint as Exhibit A for the convenience of this Court and Defendants) this cause arose from a lawsuit filed in the Illinois courts in 2012 challenging the constitutionality of certain "add on" court filing fees charged litigants for their right to file suit before Illinois courts to foreclose their mortgages. (735 ILCS 5/15-1504.1 *et seq*. (West 2012).)

26.     The case was filed as a class action with its lead representative Plaintiff Reuben Walker, an individual property owner, who was required to pay an additional filing fee in the Circuit Court of Will County, Illinois prior to initiating a mortgage foreclosure. Walker's class action was filed against a class consisting of all 102 Circuit Court Clerks in the State of Illinois, the state officers who were charged with collecting the fees. (*Walker v. McGuire,* 2012 CH 05275)

27.     On March 2, 2020, the circuit court found that the "add-on" court filing fee legislation before it was facially unconstitutional under a number of constitutional clauses, including the Free Access Clause, and enjoined the continued collection of fees. Enforcement of the injunction was stayed pending the direct appeal of the order to the Illinois Supreme Court as required by Illinois law.

28. On May 14, 2020, the circuit court entered a subsequent order finding that the representative Plaintiff had standing to challenge the constitutionality of all iterations of the facially unconstitutional statutes from 2010 onward. The state officers continued to collect the add-on mortgage foreclosure filing fees during the pendency of the appeal of both the March 2, 2020, and the May 14, 2020, orders.

29. On June 17, 2021, the Illinois Supreme Court affirmed the trial court's rulings and held the legislation under which the fees continued to be collected facially unconstitutional and void for all purposes. The Supreme Court then remanded the case to the circuit court "for further proceedings consistent with this opinion." *Walker v. Chasteen*, 2021 IL 126086, ¶ 51.

30. Following the 2021 remand, and once the case was before the circuit court for further proceedings to address the refund of the fees unlawfully collected and after a decade of defending this legislation on its merits before the Illinois courts, the state officers suddenly 'discovered' the existence of a lawsuit immunity statute adopted by the Illinois legislature decades previously. Based on their interpretation of this legislation they asserted that, while the judicial branch had the authority to consider the constitutionality of the legislation, the immunity statute barred the courts from ordering a remedy for the constitutional wrong which was restitution of the plaintiffs' own funds collected under the legislation.

31. The state official Defendants further claimed that any request for restitution of the Plaintiffs' fees could only be considered by filing an action before an agency of the Illinois legislature, the Illinois Court of Claims.[1] Their interpretation of the immunity statute would therefore allow the State to retain from plaintiffs their own money paid as a "litigation tax".

---

[1] The Court of Claims is a part of the legislative branch of state government and not part of the judicial branch. *People v. Philip Morris*, 198 Ill.2d 87, 97 (2001).

32. Thereafter, the circuit court, over Plaintiffs' objections, granted the motion to dismiss and stated that it believed that any request for a refund of the fees collected under this legislation had to be presented in a new filing before the Court of Claims. The dismissal was appealed to the Illinois Appellate Court, Third Judicial District.

33. The Illinois Appellate Court, reviewing the matter before it and specifically addressing the jurisdiction of the Court of Claims, reversed the trial court's dismissal order agreeing with Petitioners that the Court of Claims was not the appropriate forum to address the issues related to the constitutional remedy for the unlawful collection of fees and therefore lacked jurisdiction to hear this matter. The Illinois Appellate Court for the Third District confirmed the jurisdiction of the Illinois court system to order the restitution of fees to the Plaintiffs.

34. The State officials then sought and received further review of the dismissal before the Illinois Supreme Court. *Walker v. Chasteen*, 2023 IL App (3d) 220387, ¶ 13, *appeal allowed* (Ill. 2024), and *rev'd*, 2025 IL 130288, and *leave to appeal denied*, 2025 IL 130281 (2025).

35. Once the case was back before the Illinois Supreme Court, the state Defendants did not contest the Illinois Supreme Court's earlier *Walker* decision which held the legislation to be facially unconstitutional and thereby void for all purposes (where the constitutional remedy is to put both parties back in the position they held before the unlawful taking of the add-on filing fees). They argued instead that the immunity statute adopted by the Illinois legislature barred Illinois courts from ordering the State to return the $102 million in now admittedly facially unconstitutional fees taken from all Class Plaintiffs during the decade that the case was pending.

36. Plaintiffs responded by contesting the state Defendants' interpretation of Illinois law. Plaintiffs further pointed out that the Court of Claims lacked the jurisdiction to hear the matter involving constitutional issues, and that the Illinois courts, and not the Illinois legislature, had the

exclusive power to interpret *and* enforce the Constitution (not only declaring a law unconstitutional but also by providing plaintiffs a remedy which cured the unconstitutional taking.).

37. More critically however, Plaintiffs pointed out to the Illinois Supreme Court in their brief and argued that, under the Supremacy and Takings Clauses of the United States Constitution, the state law immunity statute did not provide the State of Illinois with authority to retain the funds it had taken without just compensation. In support of their argument, Plaintiffs submitted the recent decision of the Supreme Court of the United States in *Tyler v. Hennepin County*, 598 U.S. 631 (2023), as controlling over any possible interpretation or application of a state statute, even one related to sovereign immunity.

38. On January 24, 2025, the Illinois Supreme Court published its opinion reversing the decision of the Illinois Appellate Court and holding that under the State immunity statute Illinois courts had no authority to order the State to return the fees taken under a facially unconstitutional legislation which was void for all purposes. The Court concluded that any request for refund (the mandated constitutional remedy for a facially unconstitutional law) had to be submitted to a legislative agency, the Court of Claims, for further disposition and that the Court of Claims was free to apply its own procedural rules even if they were contrary to the Takings Clauses of the Constitutions of the State of Illinois or the United States. *Walker v. Chasteen*, 2025 IL 130288.

**PLAINTIFFS' PROPERTY**

39. After taking Plaintiffs' property into custody, and while Defendants held it in custody, including any earnings or interest on same, Defendants used the property for public

purposes, including by investing the property and earning interest, and otherwise using it to fund state and local government operations and programs.

40. To date, Defendants have not returned Plaintiffs' property nor the earnings or interest belonging to the Plaintiffs, nor have they paid, nor will they pay, just compensation for the interest or earnings or fully pay for the use of that property during the period of custody absent relief accorded by this Court.

41. Included in, but not the entirety of, the relief Plaintiffs seek in this lawsuit, is the return of their own property which Defendants have never owned but are withholding.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs bring this action on their own behalf and as a class action under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure seeking declaratory, prospective injunctive and other relief on behalf of the following class (the "Class"):

> "All persons or entities (including their heirs, assignees, legal representatives, guardians, administrators, and successors in interest) who previously paid the facially unconstitutional add-on court filing fees imposed on them under 735 ILCS 5/15-1504.1 *et seq.* (West 2012) and any or all later amendments or modifications of said legislation."

43. The members of the Class are so numerous that joinder of all members is impracticable as the state officials disclosed in the state court litigation that there were hundreds of thousands of transactions through which these fees were collected.

44. Plaintiffs' claims are typical of the claims of the members of the Class as the property taken under this unconstitutional legislation was performed in a uniform manner consistent across the membership of the class. The retention and treatment by Defendants of the

property of each member of the Plaintiff class has also been consistent and uniform among the class.

45. Plaintiffs' representative will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in similar, successful, constitutional and class action litigations.

46. There are questions of law and fact common to the Class, including:

    a. Whether the Defendants' retention of the Class members' property, and the interest, dividends, and other earnings or accruals on the Class members' property, is a taking for which just compensation is due;

    b. Whether the Constitution of the United States requires that the Class members' property and all the interest, dividends and other earnings or accruals on Plaintiffs' and Class members' property must be returned by Defendants to the Class members;

    c. Whether the Defendants' retention and/or use of the Class members' property for public purposes is a taking for which just compensation is due;

    d. Whether the Class members must defer enforcement and compliance with the provisions of the Constitution of the United States to the legislative branch of state government;

    e. The amount of interest, earnings and benefit realized by the Defendants from the use of the Class members' property; and

    f. The appropriate injunctive and declaratory relief for the Class members.

47. Plaintiffs' claims arise out of the same common course of conduct by Defendants giving rise to the claims of the other members of the proposed Class. Defendants have acted and

refused to act on grounds that apply generally to the Class so that injunctive and declaratory and other relief are appropriate.

48. Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. A class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The detriment suffered by the Plaintiffs and Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. On information and belief based on discovery obtained in earlier litigation, Class members can be readily identified and notified based on, *inter alia*, Defendants' records relating to the return of Plaintiffs' property.

49. Plaintiffs further propose that the Treasurers of the 102 local counties of Illinois defend this case as a class action as the 102 Clerks of the Circuit Court of the 102 local counties in Illinois did so in *Walker v. Chasteen*, 12 CH 5275 for the same reasons and incorporating by reference the common elements and desirability of proceeding as a class as set out in the preceding paragraphs of this Complaint.

# COUNT I

### DECLARATORY AND INJUCTIVE RELIEF FOR VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION - MICHAEL FRERICHS AS TREASURER OF THE STATE OF ILLINOIS

50. Plaintiffs incorporate all foregoing paragraphs and bring this lawsuit individually and on behalf of the Class described above.

51. The Fifth Amendment to the United States Constitution as applied through the Fourteenth Amendment protects against the taking of private property by a state or state officials without just compensation and in addition protects the "fruits" of the property (i.e., the interest, accruals or other benefit of the property's earnings that follows the property or is associated with its ownership, including the "option" or time-value of money applicable to the use of the property. *See Goldberg v. Frerichs*, 913 F. 3d 1009, 1010-11 (7th Cir. 2019).) The taking of money without just compensation is considered as the taking of protected property. See *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155 (1980). Accordingly, no later than upon the date of the return of their property, Plaintiffs and the Class are entitled to the return of their property and to receive the interest earned on or the fruits otherwise earned on their property while in the possession of Defendants.

52. The measure of just compensation should be based on the property taken and not returned, the value of the property taken, and shall take into account the time value of money and the value to the Defendant of the benefit conferred on them from their use of the Class members' property.

53. Defendant's unlawful course of conduct, including continual and on-going refusal to return Plaintiffs' own property to them, pay or return interest and other earnings or otherwise compensate Plaintiffs for such or for the use of their property, and in failing to keep separate such

interest, earnings or other compensation for delivery to Plaintiffs, entitles Plaintiffs to a declaration that Defendants' conduct violates the rights of Plaintiffs and members of the Class under the Fifth and Fourteenth Amendments of the United States Constitution and are further entitled to an injunction requiring a cessation of the course of conduct described above and requiring the prospective return, along with interest, of Plaintiffs' wrongfully withheld property.

54. Plaintiffs are further entitled to a judgment in their favor and against Defendants declaring their rights with respect to and enjoining the conduct alleged herein and requiring actions as described to provide full relief. Judgment should be entered under, *inter alia,* 28 U.S.C. § 2201, *et seq.*

## COUNT II

**RELIEF PURSUANT TO 42 U.S.C. §1983 FOR VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION - ALL DEFENDANTS OTHER THAN MICHAEL FRERICHS AS TREASURER OF THE STATE OF ILLINOIS**

55. Plaintiffs readopt and reallege paragraphs one through 41 of this Complaint set forth fully herein his paragraph 42 of this Complaint.

56. All of the party Defendants in their capacity as Treasurers of each of 102 counties that comprise the State of Illinois and acting at the time under color of state law, collected court filing fees from Plaintiffs under state legislation which was unlawful as it was unconstitutional and *void ab initio* in derogation of their constitutional right of free access to the Illinois judicial system.

57. At all times, relevant to the matters set forth in this Complaint, and through and including the present date, these party Defendants have retained and continue to retain the fees, taken from Plaintiffs through unconstitutional means.

58. These party Defendants have refused to return the fees, unlawfully collected from Plaintiffs along with the interest in other benefits, earned on those fees while in their possession,

damages, and attorneys' fees and costs and expenses, pursuant to 42 U.S.C. § 1988, and applicable principles of equity, including without limitation common fund principles; and all other and further relief the Court deems necessary and proper, including without limitation all relief available under or mandated by Rule 54(c), Federal Rules of Civil Procedure, *e.g.,* all "relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

## CONCLUSION

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against Defendants as follows:

a. Finding and declaring that this action is properly a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class defined above, and that Plaintiffs are proper Class representatives and designating undersigned counsel as Class Counsel;

b. Declaring that uncompensated retention by Defendants of the Plaintiffs' property or its use value, interest, dividends, earnings, or other fruits of the property taken through unconstitutional means is a taking under the Fifth Amendment to the U.S. Constitution;

c. Declaring that uncompensated retention by defendants of the Plaintiffs' property or its use value, interest, dividends, earnings, or other fruits of the property taken through unconstitutional means is a taking under the Fifth Amendment to the U.S. Constitution and Defendants must provide Plaintiffs restitution of their own property to correct such taking without just compensation;

d. Declaring the proper measure the required restitution by declaring the just compensation taking into account as appropriate the earnings, time value of money and value to the Defendants of the use of the Class members' property;

e. Declaring that in addition to the restitution of the Class members' original property taken without just compensation, Defendants must pay just earnings or interest upon return of Plaintiffs' own property taking into account as appropriate the earnings, time value of money and value to the Defendants of the use of the property earned while in Defendants' custody and until the date of its return;

f. Enjoining the Defendants from refusing, refraining or failing to return Plaintiffs' own property to them;

g. Enjoining the Defendants to henceforth cease and refrain from failing or refusing to pay to Plaintiffs and the Class earnings or interest on or use of Plaintiffs' and Class members' property during the time in which it was in their custody;

h. Enjoining the Defendants to comply with any declaration entered pursuant hereto;

i. Awarding attorneys' fees and costs and expenses, pursuant to 42 U.S.C. § 1988, and applicable principles of equity, including without limitation common fund principles; and

j. Awarding all other and further relief the Court deems necessary and proper, including without limitation all relief available under or mandated by Rule 54(c), Federal Rules of Civil Procedure, *e.g.,* all "relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

Respectfully submitted,

BELLAS & WACHOWSKI

*/s/ George S. Bellas*
George S. Bellas (george@bellas-wachowski.com)
15 N. Northwest Highway, Park Ridge, IL 60068
(847) 823-9032

        and

CRAY HUBER HORSTMAN HEIL & VanAUSDAL

*/s/ Daniel K. Cray*
Daniel K. Cray (dkc@crayhuber.com)
Michael D. Huber (mdh@crayhuber.com)
303 W. Madison Street, Suite 2200, Chicago, IL 60606
(312) 332-8450

Counsel for Plaintiffs