E-FILED
Monday, 02 November, 2026 01:12:48 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

REUBEN D. WALKER, individually and on behalf of a class of all others similarly situated,
Plaintiffs,

v.

ANDREA LYNN CHASTEEN, Clerk of the Circuit Court of Will County, in her official capacity and as representative of all Circuit Court Clerks of the State of Illinois in their official capacities,
Defendants.

Case No. 1:25-cv-01378-JEH-RLH

**Order**

Now before the Court is Defendant Clerk of the Circuit Court of Will County Andrea Lynn Chasteen's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (D. 72).[1] For the reasons set forth *infra*, the Motion is GRANTED.

**I**

On September 11, 2025, Plaintiff Reuben D. Walker (Walker) filed his original putative Class Action Complaint (D. 1) against defendants Treasurer of Peoria County, Illinois, in his official capacity and as representative of all County Treasurers in the State of Illinois in their official capacities; Treasurer of the State of Illinois; Treasurer of Will County, Illinois; and Treasurer of Cook County, Illinois pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

the U.S. Constitution. Upon those defendants filing Motions to Dismiss (D. 38, D. 40, D. 41, D. 43, & D. 46), the Court found, among other things: the Plaintiff's claim for declaratory and injunctive relief for violation of the Takings Clause of the Fifth and Fourteenth Amendments against the defendant Illinois Treasurer was barred by the Eleventh Amendment; it was unnecessary for the Court to address the Illinois Treasurer's and the Plaintiff's remaining arguments as to whether Walker had alleged a viable Takings Clause claim against the Illinois Treasurer because the relief Walker sought for a Takings Clause violation was made unavailable by application of the Eleventh Amendment; the Court lacked jurisdiction over the Plaintiff's claim for relief pursuant to Section 1983 for violation of the Takings Clause of the Fifth and Fourteenth Amendments because standing was missing as the injury Walker sustained – the collection of unconstitutional filing fees – was traceable to the circuit court clerks' conduct rather than the County Treasurer defendants' conduct; and it was unnecessary to address the County Treasurer defendants' and Plaintiff Walker's remaining arguments as to res judicata and collateral estoppel, failure to state a Takings Clause claim, and *Pullman* abstention. 3/23/2026 Order (D. 59).

The Court further found the defendants' statute of limitations defense presented another reason to dismiss the Plaintiff's original complaint where Walker's Section 1983 claim, raised in this Court in September 2025, was late as the claim accrued at the latest in 2021 when the Illinois Supreme Court held the complained-of add-on filing fee legislation unconstitutional. *Id.* Next, the Court found the circuit court clerks of each of the 102 counties in Illinois must be joined pursuant to Federal Rule of Civil Procedure 19(a); the Court could not accord complete relief among the parties in their absence, and their absence would impede their ability to assert any defenses they may have, including the statute of limitations, res judicata, collateral estoppel, and sovereign immunity. *Id.* The

Court accordingly made the circuit court clerks defendants in this action and dismissed the County Treasurer defendants pursuant to Federal Rule of Civil Procedure 21. *Id*. Lastly, the County Treasurer defendants' request for attorney's fees pursuant to 42 U.S.C. § 1988 was denied because none of those three County Treasurer defendants made a sufficiently developed argument for fees under Section 1988, nor did the Court find Plaintiff Walker's action tipped over the line to frivolous, unreasonable, or without foundation. The Court ordered the Clerks of the Circuit Courts (circuit court clerks) of all counties within the State of Illinois to be made party defendants in this case and directed Plaintiff Walker to file an amended complaint naming as defendants only the Clerks of the Circuit Courts of the counties within the State of Illinois in their official capacities.

On April 6, 2026, the Plaintiff filed his Amended Class Action Complaint (Amended Complaint) (D. 61) against Defendant Andrea Lynn Chasteen, Clerk of the Circuit Court of Will County "in her official capacity and as representative of all Circuit Court Clerks of the State of Illinois in their official capacities". Pl.'s Am. Compl. (D. 61 at ECF p. 1).

**II**

In his Amended Complaint, Plaintiff Walker alleges[2] he litigated the constitutionality of certain legislation and the Defendants continued to charge him and the class a total of $102 million in court filing fees under legislation that the Illinois Supreme Court ultimately found was facially unconstitutional and void for all purposes in 2021.[3] Plaintiff Walker had filed his state court class action in the

---

[2] At the motion to dismiss stage, a court "accept[s] as true all the well-pleaded factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Teva Pharm. USA, Inc. v. Eli Lilly and Cp.*, 181 F.4th 756, 760 (7th Cir. 2026).

[3] The Plaintiff does not allege facts in a straightforward way whatsoever. Instead, he includes an "Introduction" section, a "Background and Relief" section, a "Unique Circumstances of This Case" section, a "Procedural History" section, a "Plaintiff's Property" section, and a "Class Action Allegations" section. *See* Pl.'s Am. Compl. (D. 61). In doing so, the Plaintiff obfuscates what is truly a factual allegation from what is merely a request for relief and from what is entirely superfluous for purposes of a pleading.

Circuit Court of Will County, Illinois. Specifically, under the above-mentioned unconstitutional legislation, 2% of fees collected as "add on" court filing fees charged to litigants for their right to file suit before Illinois courts to foreclose their mortgages were retained by the circuit court clerks of each of the 102 counties located within the State of Illinois. The 2% was to be retained by the Defendants as compensation for the expenses related to the collection of the fees and to reimburse the Defendants for administration of the subject statutes. The State of Illinois and its officials refused to return the fees to the Plaintiff and class and continue to retain them as of the date of the filing of the Amended Complaint.

During the underlying state court litigation, on September 17, 2021, the circuit court judge presiding over the litigation ordered that the filing fees collected under the unconstitutional legislation be held and not transferred to the Illinois State Treasurer. The Plaintiff class and circuit court were informed by counsel for Defendants that certain fees collected and held under the offending statutes was not transferred to the Illinois Treasurer due to the circuit court's order of September 17, 2021 and have been kept in a segregated account pending further order of court. At all times relevant, the Defendants have retained and continue to retain a certain portion of the fees taken from the Plaintiffs through unconstitutional means.

Among other things, the Plaintiff asks for a declaration that uncompensated retention by Defendants of the Plaintiff's and class's property or its use value, interest, dividends, earnings, or other fruits of the property taken is a taking under the Fifth Amendment and Defendants must provide the Plaintiff and class restitution of their own property to correct such taking; a declaration that in addition to the restitution of the class members' original property taken, the Defendants must pay just earnings or interest upon return of the Plaintiff's and class's own property taking into account as appropriate the time value of money

and value to the Defendants of the use of the property earned while in the Defendants' custody and until the date of its return; an order enjoining the Defendants from refusing, refraining, or failing to return the Plaintiff's and class's own property to them; and an order enjoining the Defendants to henceforth cease and refrain from failing or refusing to pay to Plaintiff and the class members earnings or interest on the use of their property during the time in which it was in the Defendants' custody.

**III**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief can be granted[]". A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* at 555. The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

As Defendant Chasteen points out in both her original Reply (D. 81) to the Plaintiff's original Response (D. 76) to the Motion to Dismiss and her supplemental Reply (D. 90) to the Plaintiff's supplemental Response (D. 86) to the Motion to Dismiss, the Plaintiff simply does not respond to *any* of the dispositive grounds raised in the Motion to Dismiss. Instead, Plaintiff Walker attempts to relitigate issues concerning ongoing state-court proceedings and factual matters that have no bearing on the legal sufficiency of the Amended Complaint or the threshold legal issues presented in the Defendant's Motion to Dismiss. The Court considers any responsive arguments in opposition to the issues raised in the Motion to

Dismiss waived. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

**A**

Defendant Chasteen first argues the Eleventh Amendment bars the Plaintiff's claim against her because she is sued in her official capacity, such a claim is treated as a suit against the government entity of which an officer is an agent, and, thus, "a claim for damages against a state official in her official capacity is actually a claim against the State, which is barred by the Eleventh Amendment." Def.'s Mot. to Dismiss (D. 73 at ECF p. 6) (quoting *Stevens v. Dewitt Cnty., Ill.*, No. 11-3162, 2012 WL 1066886, at *5 (C.D. Ill. Mar. 28, 2012)). As an initial matter, the Court notes the Plaintiff, rightfully so, does *not* argue the Amended Complaint alleges an ongoing violation of federal law and requests prospective relief such that an exception to Eleventh Amendment immunity applies here. The Court previously addressed that exception at length in its March 23, 2026 Order (D. 59). It found the relief the Plaintiff seeks in this case is purely retrospective monetary relief to be paid out of the state treasury; the Plaintiff seeks a refund for himself, as well as those in the putative class, of filing fees paid and later determined by the Illinois Supreme Court to be collected pursuant to an unconstitutional state fee statute; the interest he seeks is quite obviously monetary relief measured in terms of monetary loss resulting from a past breach of a legal duty; and, inescapably, the Plaintiff seeks a remedy for a past injury, and so the Plaintiff's claims against the defendant Illinois State Treasurer were barred by the Eleventh Amendment. The Court incorporates that previous analysis herein and accordingly finds that the Plaintiff's claims against Defendant Chasteen are barred by the Eleventh Amendment.

The Eleventh Amendment provides that "'[t]he Judicial power of the United States shall not be construed to extend' to suits by individuals against states."

*McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 532 (7th Cir. 2022) (citing U.S. CONST. amend. XI). "[A]n unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state[]", thus, "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

With regard to Defendant Chasteen, named in her official capacity, circuit court clerks are state officials for Eleventh Amendment purposes. *See Eckardt v. Clerk of Cir. Ct. of Tenth Jud. Cir. of Ill.*, No. 11-cv-1243, 2011 WL 5118768, at *2 (C.D. Ill. Mar. 28, 2011) ("Without question, the Clerk of a Court is a 'state agent' for purposes of the Eleventh Amendment Immunity.") (internal citation omitted); *Flemming v. Guaranteed Rate Affinity, LLC*, No. 25-cv-02441, 2026 WL 2210207, at *5 (N.D. Ill. July 29, 2026) ("District courts have consistently found that a Clerk of the Circuit Court is an Illinois State official."); *and Erkins v. Brown*, No. 15 C 06235, 2016 WL 3157600, at *6 (N.D. Ill. June 7, 2016) ("Under Illinois law, circuit court Clerks . . . are actually state employees, even though their offices cover counties.") (citing ILL. CONST. art. 6, § 18(b) and collecting cases).

Because Plaintiff Walker persists in seeking restitution (i.e., a remedy for a past injury) against Defendant Chasteen and all the Circuit Court Clerks of the State of Illinois in their official capacities in his Amended Complaint, the Eleventh Amendment bars the Plaintiff's claims against the Defendants.

**B**

Defendant Chasteen next argues that Plaintiff Walker cannot bring a direct action under the Fifth and Fourteenth Amendments and any claim brought pursuant to Section 1983 is barred by the statute of limitations. As the Court explained in its March 23rd Order as to the Illinois Treasurer, it is technically unnecessary for the Court to address Defendant Chasteen's remaining arguments

as to whether Walker has alleged a viable Takings Clause claim against Chasteen and all of the Circuit Court Clerks of the State of Illinois because the relief Walker seeks for a Takings Clause violation is made unavailable by application of the Eleventh Amendment. *See Gerlach v. Rokita*, 95 F.4th 493, 498 (7th Cir. 2024) (stating "even if the [Supreme] Court does find a direct cause of action [under the Fifth Amendment], the second obstacle – Eleventh Amendment sovereign immunity – disposes of [the plaintiff's] claim."); *see also Texas v. DeVillier*, 601 U.S. 285, 292 (2024) (not resolving the question of whether a plaintiff has a cause of action arising directly under the Takings Clause).

Nevertheless, in the interest of completeness and finality, the Court considers Defendant Chasteen's contention that given the Plaintiff's failure to invoke Section 1983 in the Amended Complaint, no direct cause of action under the U.S. Constitution exists against state actor Defendant Chasteen or the other circuit court clerks. The Supreme Court has stated:

> Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts. Instead, constitutional rights are generally invoked defensively in cases arising under other sources of law, or asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g.*, 42 U.S.C. § 1983.

*DeVillier*, 601 U.S. at 291. The Plaintiff's omission of Section 1983 in the Amended Complaint together with his failure to provide any authority whatsoever for the proposition that he may pursue a direct cause of action under the Fifth and Fourteenth Amendments is fatal. To the extent it was necessary for Plaintiff Walker to bring his Takings Clause claim pursuant to Section 1983, the claim is untimely in any event.

Once again, the Court incorporates its Section 1983 statute of limitations analysis of March 23rd herein. As the Court previously determined, the Plaintiff's

Takings Clause claim under Section 1983 against the defendant County Treasurers arose, at the latest, in 2021 when the Illinois Supreme Court held the filing fee legislation unconstitutional. *See* 3/23/2026 Order (D. 59 at ECF p. 18) (citing authority providing dismissal is appropriate under Rule 12(b)(6) when a plaintiff's complaint sets out all the elements of an affirmative defense such as the statute of limitations; a two-year statute of limitations applies in Section 1983 cases premised on injuries occurring in Illinois; the Fifth Amendment right to full compensation arises at the time of the taking; and federal law governs the accrual date for Section 1983 claims and that date is when the plaintiff knows or should know that his constitutional rights have been violated). That same reasoning applies here to the Plaintiff's Takings Clause claim against Defendant Chasteen and all the circuit court clerks.

**C**

Lastly, Defendant Chasteen argues Plaintiff Walker's claim is barred by res judicata in light of the Amended Complaint here and judicially noticeable records from the Illinois Circuit Court of the 12th Judicial Circuit, Will County, Illinois and the Illinois Supreme Court pertaining to Walker's class litigation initiated in 2012. While a plaintiff does not ordinarily need to anticipate and attempt to plead around affirmative defenses, "[a]n exception applies when the allegations of the complaint set forth everything necessary to satisfy the affirmative defense." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Defendant Chasteen argues that is the situation here. In Illinois, the defense of res judicata, or claim preclusion, has three prerequisites: 1) an identity of parties or their privies; 2) an identity of the causes of action; and 3) a final judgment on the merits rendered by a court of competent jurisdiction. *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014) (citing *Cooney v. Rossiter*, 986 N.E.2d 618, 621 (Ill. 2012)). "An affirmative defense is disclosed in the complaint where[:] [a]) the facts that

establish the defense are definitely ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice; and [b]) those facts conclusively establish the defense." *E.O.R. Energy L.L.C. v. Messina*, 274 F. Supp. 3d 828, 832-33 (C.D. Ill. 2017) (internal citation omitted); *see also See Parungao v Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned.").

As for the first prerequisite, Plaintiff Walker named himself together with all individuals and entities who had paid the $50 filing fee as plaintiffs and all 102 circuit court clerks, with Defendant Chasteen as one of the specifically named defendants, in the State of Illinois as defendants in his state court action. The instant Amended Complaint names the very same individuals as Plaintiffs and Defendants. The first prerequisite is thus obviously met.

As for the second prerequisite, it is "assessed by reference to the 'transactional test,' which provides that separate claims are considered the same cause of action for claim-preclusion purposes 'if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.'" *Walczak*, 739 F.3d at 1016-17 (quoting *Cooney*, 986 N.E.2d at 622). This Court detailed the procedural history of Plaintiff Walker's 2012 Illinois state court-initiated litigation in its March 23rd Order, incorporated herein, as well as above in Section II. Beyond a doubt, the claims Plaintiff Walker raised in Illinois state court as lead class representative and those he now raises arise from a single group of operative facts, namely, the alleged taking of money paid pursuant to an unconstitutional fee. "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). The Plaintiff's claim

in federal court is one with the claims he made in state court given the glaring overlap in factual allegations in each court. Also, as Defendant Chasteen points out, Plaintiff Walker could have brought his Takings Clause claim in the state court case when he initially filed it or sought leave to amend his complaint in the state court case following the Illinois Supreme Court's 2021 ruling. *See Knick v. Twp. of Scott, Pa.*, 588 U.S. 180, 190 (2019) ("The Fifth Amendment right to full compensation arises at the time of the taking . . . ."); *Walczak*, 739 F.3d at 1017 ("Claim preclusion applies not only to matters that were actually decided in the original action but also to matters that could have been decided.") (citing *Cooney*, 986 N.E.2d at 621).

Finally, as for the third prerequisite, a final judgment on the merits was rendered in the Illinois state court action. In 2021, the Illinois Supreme Court affirmed the Will County, Illinois circuit court's order finding the challenged Illinois legislation to be facially unconstitutional; the Illinois Supreme Court ruled the legislation to be facially unconstitutional in derogation of the Free Access Clause of the Illinois Constitution.

**D**

The Court underscores that Plaintiff Walker's original Response and supplemental Response to Defendant Chasteen's Motion to Dismiss detail additional, on-going proceedings in Illinois, specifically the Illinois Court of Claims, since May 15, 2026 as well as the Circuit Court of Will County. Plaintiff Walker focuses upon the current status of court fees previously collected pursuant to the unconstitutional state legislation which were to have been held by the Defendant circuit court clerks pursuant to Illinois state court orders. In other words, the Plaintiff's original and supplemental Responses have nothing to do with the federal constitutional claim he has brought against Defendant Chasteen and all the Circuit Court Clerks of the State of Illinois in this Court. He attempts

to insist otherwise, arguing in his supplemental Response that the Court's March 23rd Order "was induced by representations made by the County Treasurer Defendants." Pl.'s Suppl. Resp. (D. 86 at ECF p. 3). Plaintiff Walker's transparent attempt to improperly keep his federal lawsuit alive by now raising issues that are so obviously for the Circuit Court of Will County, Illinois and which have been raised in that court (on May 8, 2026)[4] by Walker fails completely. The Court has now found Plaintiff's Walker's Amended Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6), in part because he offered no arguments whatsoever relevant to the challenges Defendant Chasteen presented in her Motion to Dismiss and mainly because the applicable authority makes clear his case does not belong in federal court and he cannot make it so with continued attempts. *See Abu-Shawish v. U.S.*, 898 F.3d 726, 738 (7th Cir. 2018) (providing "truly futile amendments need not be allowed"). He must accept this outcome once and for all.

**E**

Defendant Chasteen's request for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 is denied. Section 1988 "allows the award of 'a reasonable attorney's fee' to 'the prevailing party' in various kinds of civil rights cases, including suits brought under § 1983." *Fox v. Vice*, 563 U.S. 826, 832-33 (2011) (quoting Section 1988). The Court finds such an award inappropriate here for two reasons. First, Plaintiff Walker omitted express reference to Section 1983 in his Amended Complaint as Defendant Chasteen recognizes. Second, the Court is not unsympathetic to the efforts Defendant Chasteen expended in this case. Surely,

---

[4] Pl.'s Suppl. Resp. (D. 76-7 at ECF pp. 1-4); *see also id.* at ECF p. 85 n.2 ("The statements of counsel representing the Defendants in proceedings before the Illinois courts show a very real question as to whether the Circuit Court Clerks have or had these funds as the County Defendants represented to this Court, Plaintiffs do not ask this Court to resolve this dispute here, *which will be addressed before the Illinois courts at a later date*.") (emphasis added).

some plaintiffs' attorneys would have made a different calculation as to whether to pursue an amended complaint such as the one here in light of the Court's March 23rd Order. But, as the Court observed in that Order and observes now, after Plaintiff Walker's further filings in this case, Walker's action here does not tip over the line to frivolous, unreasonable, or without foundation. *See Fox*, 563 U.S. at 833 (quoting *Christianburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)) (stating "§ 1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'"). Accordingly, Defendant Chasteen is not entitled to attorneys' fees.

## IV

For the reasons set forth *supra*, Defendant Clerk of the Circuit Court of Will County Andrea Lynn Chasteen's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (D. 72) is GRANTED. The Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on November 2, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE